UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Cr. No.: 6:10-cr-00423-GRA-1 |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Brandon Jamaine Dodd, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes upon Defendant's *pro se* motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). (ECF No. 359). For the following reasons, Defendant's Motion is DENIED.

## **Background**

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be

applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Defendant was sentenced pursuant to the U.S.S.G. § 2D1.1(c) and 21 U.S.C. § 841(b)(1)(A) (2006), which imposed a statutory minimum sentence of 120 months.[1] Defendant was sentenced with the following sentencing range:

---

[1] The Court recognizes that there is a circuit split regarding whether defendants like Dodd, who committed their crimes before—but who were sentenced after—the enactment of the Fair Sentencing Act ("FSA"), should receive the benefit of the new mandatory minimum sentences. *Compare United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011) (holding that the new mandatory minimums take effect for defendants sentenced on or after November 1, 2010), *and United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011) (holding that the new rules take effect for defendants sentenced on or after August 3, 2010), *with United States v. Fisher,* 635 F.3d 336 (7th Cir. 2011) (observing that the "relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing"), *United States v. Tickles,* 661 F.3d 212 (5th Cir. 2011) (per curiam) (finding that the FSA did not apply retroactively), *and*

| | |
|---|---|
| Total Offense Level: | <u>25</u> |
| Criminal History Category: | <u>I</u> |
| Months' Imprisonment: | <u>120</u> (statutory minimum) |

Defendant's sentence was not reduced pursuant to a Rule 35, a subsequent § 5K1.1 Motion, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should remain the same. This Court did not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10 (b) (1).

In this case, Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A), not the United States Sentencing Guidelines. Because Defendant's sentence was not based on the Sentencing Guidelines, and Amendment 750 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, Amendment 750 does not lower Defendant's applicable sentencing ranges. *See United States v. Hood*,

---

*United States v. Sidney*, 639 F.3d 453 (8th Cir. 2011) ("[T]he FSA is not retroactive, even as to defendants who were sentences after the enactment of the FSA where their criminal conduct occurred before the enactment."). The Supreme Court has granted cert to determine whether the FSA applies in an initial sentencing proceeding that takes place on or after the statute's effective date if the offense occurred before that date. *See United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), *cert. granted*, *Dorsey v. United States*, 132 S. Ct. 759 (Nov. 28, 2011) (No. 11-5683); *United States v. Hill*, 417 F. App'x 560 (7th Cir. 2011), *cert. granted*, 132 S. Ct. 759 (Nov. 28, 2011) (No. 11-5721). Although Defendant's sentence remains unaffected by the new Amendment, his sentence may change in the future depending on the Supreme Court's decision.

556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines). Furthermore, Defendant's sentence range was already calculated under the new amendment, thus he already received the benefit of these changes. Therefore, Defendant's Motion for Reduction of Sentence is DENIED.

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, effective November 1, 2011, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, the Defendant's motion is DENIED.

**IT IS THEREFORE ORDERED** that Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

February 16, 2012
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL DECISION**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**